UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY HARNER,<br><br>                      Plaintiff,<br><br>v.<br><br>OFFICER C. THERIAULT,<br><br>                      Defendant. | Civil Action No. 1:24-cv-12385-JDH |

## ORDER

HEDGES, M.J.

On September 18, 2024, the U.S. Attorney's Office for the District of Massachusetts forwarded to this Court Timothy W. Harner's "private criminal complaint." Docket No. 1, Complaint ("Compl.").[1] Mr. Harner, who is in federal custody at Federal Medical Center Devens ("FMC Devens"), alleges that a federal correctional officer at FMC Devens sexually assaulted him. Among other things, Mr. Harner alleges that, after reporting the misconduct, "it was investigated by the Federal Bureau of Prison," which "dismiss[ed] the matter." Compl. at 2.

    **I.   Applicable Law**

To the extent Mr. Harner asserts a federal law claim against the correctional officer, then the strictures of the Prison Litigation Reform Act ("PLRA") apply. The Court is required to "review … as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss

---

[1] The Clerk opened a civil action, and the case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 2.

authority to hear the case; (2) a short and plain statement of the factual allegations and legal claims for relief; and (3) a demand for the relief the plaintiff seeks, which, for example, could include monetary damages or an order requiring a party to do or not do something. *See* Fed. R. Civ. P. 8(a). While Mr. Harner's complaint contains a statement of the factual allegations supporting his case, it lacks the other elements required to state a claim. Where a complaint under the PLRA fails to state a claim upon which relief may be granted, it must be dismissed by the Court. *See* 28 U.S.C. § 1915A(b).

### IV. Mr. Harner Must Comply with the Statutory Requirements for Filing and Administrative Fees

In addition to a well-plead complaint, a party bringing a civil action must either (1) pay the $350.00 filing fee and the $55.00 administrative fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Because Mr. Harner is incarcerated, a request to proceed without prepayment of the filing fee must include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to, when funds exist, collect an initial partial payment of the filing fee from Mr. Harner's account, followed by monthly payments until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4); *Gallant v. George*, 114 F.3d 1169 (1st Cir. 1997) (plaintiff's failure to pay initial partial filing fee assessed under 28

U.S.C. § 1915(b)(1) was "excusable" when the balance of his prison account at all relevant times was zero and he "lacked the means to pay").

## V. Alternative Remedies

I note that Mr. Harner may have alternative remedies available to him. It is unclear from the Complaint what administrative remedies, if any, Mr. Harner has pursued. For example, the Federal Bureau of Prisons ("BOP") has a formal administrative remedy system, which is explained more fully at 28 C.F.R. §§ 542.10 to 542.19 and the BOP Program Statement 1330.18, Administrative Remedy Procedures for Inmates, a copy of which is attached to this Order. Through this process, people who are incarcerated may seek formal review of a complaint related to any aspect of their incarceration.

## VI. Conclusion

Accordingly, if Mr. Harner wishes to proceed with a civil action, he shall file a civil complaint consistent with the requirements of Federal Rule of Civil Procedure 8(a) within 60 days of this Order. In addition, Mr. Harner shall either pay the $405.00 filing and administrative fees or file an application to proceed *in forma pauperis* that is accompanied by a certified prison account statement. Failure to comply with these directives will result in dismissal of this action. Upon receipt of Mr. Harner's response to this Order, I may direct the reassignment of the case to a District Judge for further review of any response to this Order.[2]

SO ORDERED.

Dated: October 3, 2024                                     /s/ Jessica D. Hedges
                                                          United States Magistrate Judge

---

[2] Under Federal Rule Civil Procedure 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen (14) days of being served a copy of this Order, unless a different time is prescribed by the magistrate judge or the district judge.